## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ACCESS NOW,

        *Plaintiff,*

    v.

UNITED STATES CUSTOMS AND BORDER PROTECTION,

      *Defendant.*

CIVIL ACTION NO. 24-cv-3979

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Access Now hereby brings this action against defendant United States Customs and Border Protection to compel the immediate production of documents requested over 17 months ago under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. As grounds therefor, plaintiffs state as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

2. Venue in this action is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(e) and 5 U.S.C. § 552(a)(4)(B).

### Parties

3. Plaintiff Access Now is a non-profit organization dedicated to defending and extending human rights in the digital era of people around the world. It works towards its mission

1

by maintaining a Helpline to provide technical assistance around digital security, organizing RightsCon, an annual conference on digital human rights, tracking and reporting on internet shutdowns in collaboration with the #KeepItOn campaign, and much more. It maintains its principal place of business in New York City, New York.

4. Defendant United States Customs and Border Protection ("CBP") is a federal law enforcement agency within the United States Department of Homeland Security. CBP is primarily responsible for border control, including enforcing United States regulations relating to trade, customs, and immigration. It is headquartered in Washington, D.C.

## **Factual Background**

5. On October 28, 2020, CBP launched an application designated as the CBP One[TM] Mobile Application ("CBP One"). The CBP website describes CBP one as "a mobile application that serves as a single portal to a variety of CBP services."[1] Using CPB One, travelers can schedule appointments, request authorization for traveling upon visa requirements, and check border wait times.[2] CBP One is currently available for download on Apple and Google Play stores.[3]

6. CPB uses CPB One to collect information about CBP One users. For example, according to the CPB One Privacy Impact Assessment, CBP One can collect biographical information, images, and geolocation information from users.[4]

---

[1] CBP One Mobile Application, CBP (Oct. 24, 2023), https://www.cbp.gov/about/mobile-apps-directory/cbpone.
[2] *Id.*
[3] *Id.*
[4] CBP, Privacy Impact Assessment for CBP One, DHS Reference No. DHS/CBP/PIA-068 (Feb. 19, 2021), https://www.dhs.gov/sites/default/files/2023-05/privacy-pia-cbp068-cbpmobileapplication-may2023.pdf.

7. On information and belief, CBP uses CBP One to collect data on people on the move, including migrants, refugees, asylum seekers, stateless people, and other similarly situated persons (collectively, "people on the move").

8. On information and belief, CBP has the capacity to use the data collected via CBP One for automated decision making, profiling, and registering people on the move.

9. On December 9, 2022, Access Now filed a request ("the Request") under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, with the CBP FOIA Division.[5] The Request was filed through the SecureRelease portal website and asked for information regarding the uses of CBP One. Specifically, the Request sought:

    a. Records related to automated decision making using the CBP One, including but not limited to:

        i. Records describing how decisions are made using CBP One; and

        ii. Records describing which decisions occur in an automated or semi-automated way.

    b. Manuals, trainings, policy statements, or similar records describing the intended, permitted, limited, or prohibited uses of CBP One.

    c. Manuals, trainings, policy statements, or similar records describing intended, permitted, limited, or prohibited uses of profiling procedures by CBP One.

    d. Records sufficient to show:

        i. The number of people on the move registered via CBP One by officials or staff of the government of Mexico, Guatemala, Honduras, and El Salvador each year since the launch of CBP One.

---

[5] *See* Exhibit A.

ii.  The number, nationality, and age of people on the move whose

information was accessed via CBP One by officials or staff of the

government of Mexico, Guatemala, Honduras, and El Salvador since the

launch of CBP One.

iii.  The number of officers, employees, or contractors of the governments of

Mexico, Guatemala, Honduras, or El Salvador that have had access to

CBP One since its launch.

iv.  The names of any departments of the government of Mexico, Guatemala,

Honduras, or El Salvador that have had access to CBP One since its

launch.

10.  On December 12, 2022, via email, CBP acknowledged receipt of the Request and

assigned it the unique tracking number CBP-FO-2023-019338.[6] In this email, CBP stated

that some delay in processing the Request was expected "due to the increasing number of

FOIA requests received" by the office. Accordingly, the communication informed CBP's

primary goal of answering within 20 business days, but that the FOIA permits a 10-day

extension in certain circumstances pursuant to 6 C.F.R. Part 5 § 5.5 (c).

11.  On March 2, 2023, 80 days after CBP acknowledged the Request, counsel for Access

Now accessed the SecureRelease Portal to track its Request. As of that date, the Request

had been marked as "closed." Access Now has not at any time received notice of such

closure and has no way of knowing the exact date the request was closed. Access Now,

through counsel, sent a message through the SecureRelase Portal to CBP asking why the

Request was closed and requesting an official close-out letter.

---

[6] *See* Exhibit B.

12. Later on March 2, 2023, CBP sent an email to counsel for Access Now. CBP confirmed receipt of the Request and stated that the Request would be processed in the order it was received. CPB gave no explanation as to why the request had been marked as closed.

13. On August 3, 2023, 190 days after the deadline for CBP to respond to the Request, counsel for Access Now sent, by email, a letter to CBP requesting production of responsive records or, failing that, a plan for a reasonable timeline for production.

14. On March 7, 2024, approximately one year after the last communication from CBP, counsel for Access Now sent a message to CBP through the SecureRelease Portal requesting an estimated date of completion for the Request.

15. On May 13, 2024, in a final attempt to avoid litigation, counsel for Access Now sent an email to the CBP Information Specialist who send the March 2, 2023, email. Counsel again requested an estimated date of completion. Counsel further indicated willingness to discuss a negotiated production schedule to avoid litigation.

16. Later on May 13, 2024, CBP – after more than a year of silence – provided an email update on the status of the Request. CPB stated that "[t]he custodians most likely to hold your records have been identified and your request has been tasked for search" and offered a link to the CBP FOIA Reading Room. CBP did not provide an estimated date of completion or offer to discuss a production schedule.

17. As of the filing of this Complaint, Plaintiff has received no records responsive to the Request, has no estimated date of completion, and has not been successful in seeking a negotiated production schedule outside of the courts.

18. As of the filing of this Complaint, it has been 528 days since CBP acknowledged the Request. The SecureRelease Portal indicates that the status of the Request is "Searching for Records."

## Count I: Violation of the FOIA, 5 U.S.C. §552

19. The plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 18 above as fully set forth herein.

20. On information and belief, CBP possess records responsive to the Request and subject to disclosure. 5 U.S.C §552(a)(3).

21. CBP has not produced responsive records in a timely manner, has not followed the legal deadlines or the ones it has found reasonable on its own, and has not provided any basis for withholding any records. 5 U.S.C §552(a)(6).

22. CBP's continued failure to process request CBP-FO-2023-019338 and produce responsive records violates the statutory deadlines imposed by the FOIA. 5 U.S.C. §552(a)(6).

23. Access Now has fully exhausted its administrative avenues under 5 U.S.C. §552(a)(6)(C)(i), as, in addition to suddenly and unilaterally closing the Request, CBP has failed to respond to the Request in the time allowed by FOIA.

## Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully request this Court to:

1. Declare that Defendant has failed to comply with the disclosure obligations of 5 U.S.C. § 552(a)(3);

2. Order Defendant to conduct a thorough search for all records responsive to Plaintiffs'
   Request and to immediately disclose, in their entirety, all responsive records that are not
   specifically exempt from disclosure under the FOIA;

3. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and
   costs; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: May 23, 2024                          Respectfully submitted,

                                             /s/ Mason A. Kortz
                                             _____

                                             Mason A. Kortz, #5623947
                                             Cyberlaw Clinic
                                             Harvard Law School
                                             1557 Massachusetts Avenue, 4th Floor
                                             Cambridge, MA 02138
                                             Tel: 858-922-1990
                                             Email: mkortz@law.harvard.edu